IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**UNITED STATES OF AMERICA**　§
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　§　　　No. **3:07-CR-337-L**
　　　　　　　　　　　　　　　　　§
**LARRY E. PETERSEN**　　　　　　§

## MEMORANDUM OPINION AND ORDER

Before the court is the Opposed Motion to Apply Funds Held by the Midlothian Police Department to Criminal Debt, filed September 1, 2010. Defendant Larry Petersen ("Defendant") opposes the motion. The court ordered the government to file a supplemental brief, which it did on October 5, 2010.

The government requests an order from the court directing the Midlothian Police Department, which has in its custody $5800 seized from Defendant during his October 2007 arrest, to release and pay those funds to the Dallas County District Clerk, for fines and court costs in four other criminal cases, and the Federal Public Defender, for costs incurred by his court-appointed attorney. The government cites generally the All Writs Act, 28 U.S.C. § 1651, as the basis for its request. In its supplemental brief, the government only asks the court to apply the funds to compensate the Federal Public Defender for its representation of Defendant. It also only cites 18 U.S.C. § 3006A in support of its request in its supplemental brief.

The court ordered the government to submit some authority for its request. In response, it filed orders signed by the court and another district judge ordering the application of seized funds to state fines and costs. The court is not convinced that it has the authority to provide the requested relief. In the original motion, the government relied upon the All Writs Act. This act, however, is

to be construed narrowly and applied "only under such extraordinary circumstances . . . that indisputably *demand* such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment." *Singh v. Duane Morris LLP*, 538 F.3d 334, 341 (5th Cir. 2008) (original ellipsis and emphasis).

Section 3006A(f) provides:

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.

18 U.S.C. § 3006A(f). The cases relating to this provision focus on determining when funds are "available for payment." The court has held that the statute "creates a constitutionally proper ground for depriving a financially able defendant of available funds which, in fairness, should be remitted to the public coffers." *United States v. Bracewell*, 569 F.2d 1194, 1197 (5th Cir. 1978) (citation omitted). To determine if funds are "available for payment," the court "is obliged to conduct an inquiry into the defendant's personal and familial status, and to make a finding on the record that the funds being appropriated to repay counsel are 'available' for that purpose." *Id*. Defendant is entitled to due process in making this determination. *United States v. Jefferson*, 1997 WL 335823, *1 (5th Cir. 1997).

While the court finds the government's intention laudable, it determines that in order to grant the relief required, it will need to hold a hearing on the record regarding Defendant's financial status. Given his current counsel's conflict of interest, the court would be required to appoint him additional

**Memorandum Opinion and Order – Page 2**

counsel to represent him at such a hearing. Appointing Defendant additional counsel to represent him at such a hearing would require the payment of additional attorney's fees in an attempt to reimburse those already incurred by the Federal Public Defender. Such action by the court would essentially result in "robbing Peter to pay Paul." In light of these requirements and the amount of money at stake, the court declines to grant the relief requested by the government. Accordingly, the court **denies** the Opposed Motion to Apply Funds Held by the Midlothian Police Department to Criminal Debt.

**It is so ordered** this 18th day of November, 2010.

Sam A. Lindsay
United States District Judge